Betty D. HAMILL, Plaintiff
Below, Appellant,

v.

Robert H. MILLER, Defendant
Below, Appellee.

No. 198, 1983.

Supreme Court of Delaware.

Submitted: Feb. 13, 1984.

Decided: May 3, 1984.

Edward T. Ciconte and Jeffrey P. Wasserman, of D'Angelo, Ciconte & Roseman, Wilmington, for appellant.

Stephen P. Casarino, of Tybout, Redfearn, Casarino & Pell, Wilmington, for appellee.

Before HERRMANN, C.J., McNEILLY and CHRISTIE, JJ.

PER CURIAM:

In this case the Court must review the situation which was created in a trial court by a leading question which placed an inadmissible and somewhat prejudicial inference of fact before a jury in a civil case.

In Superior Court the plaintiff alleged that she was injured because defendant negligently operated his motor vehicle on the wrong side of the roadway in violation of 21 *Del.C.* § 4114(a).

During the civil jury trial plaintiff's counsel asked the investigating police officer about the conversations he had shortly after the accident with the parties. The officer responded that he had told the defendant that he was going to issue him a summons. Later in the direct examination, plaintiff's counsel went back to that subject and asked the officer if he had informed the defendant that, according to the officer's investigation, the defendant had been driving on the plaintiff's side of the roadway. Thereupon, the officer again testified that he had explained to the defendant that he was going to issue him a ticket for that offense.

Thereafter, on cross-examination, the defense counsel asked the officer: "And he [defendant] went to court and was found not guilty; wasn't he?" The officer, in

turn, said: "I don't know the disposition, sir." The attorney for plaintiff made no immediate objection to the improper line of inquiry or to the suggestive form of the improper question. The officer's answer in turn rendered the error in putting a question on that subject moot. However, for the time being, the improper suggestion contained in the question remained unchallenged.

Prior to the close of plaintiff's case, plaintiff's attorney moved for a mistrial based on the question put by defense counsel which implied that defendant had been found not guilty of a traffic violation. Alternatively, plaintiff's counsel submitted a proposed curative jury instruction to the court whereby the court would have instructed the jury to disregard the remark.

The court denied plaintiff's motion for a mistrial and declined to give the instruction as proposed by plaintiff's counsel. Instead, however, the court briefly instructed the jury that they should not consider evidence concerning the fact that the defendant was charged with a motor vehicle offense and concerning whether he was found guilty or not guilty, as it was improperly admitted.

The jury rendered a verdict in favor of the defendant. Plaintiff, thereafter, moved the court for a new trial. Plaintiff's motion was denied.

■ The only issues raised on appeal deal with circumstances and rulings outlined above.

Although leading questions are permitted on cross-examination, those putting such questions have a special duty to avoid the deliberate use of a leading question which suggests an inadmissible fact. The deliberate use of any such device to suggest an irrelevant and prejudicial fact to the jury is entirely improper and should be dealt with accordingly by the trial judge. If such tactic goes uncorrected, it might well be found to be plain error. However, in this case there was enough excuse for the improper question to remove it from the plain error category. Furthermore, appropriate steps were eventually taken to correct the situation.

■ Plaintiff contends that the defense counsel's suggestion to the jury that the defendant was found not guilty of a motor vehicle violation was so improper and prejudicial that justice required that she be granted a new trial. Plaintiff critizes as inadequate the trial court's instruction to the jury that the jurors should not consider evidence concerning the fact that the defendant may have been found "guilty or not guilty" of a motor vehicle offense since it was "totally irrelevant" and "should not have been admitted". Plaintiff says the charge failed to overcome the prejudice caused by the defense attorney's remark. Defendant, in turn, contends that the objection was waived because it was not timely made. Defendant also contends his line of inquiry was not improper since the subject of criminal charges had been opened by plaintiff's questions on direct examination.

It should be noted that the improper question was not presented as evidence to be considered by the jury. The only evidence before the jury was that the appellee was charged with a motor vehicle violation, and that the police officer giving testimony did not know the disposition of the case.

Plaintiff's attorney had initiated the inquiry about the officer's appraisal of defendant's possible violation of a statute. In so doing he seemed to purposely risk or invite reference to criminal charges. This in itself went beyond relevant testimony. In any event, plaintiff's attorney did not immediately object to his opponent's improper question about the outcome of the criminal proceedings nor did he move to strike what was said until the next day.

Under all the circumstances, we find the question to have been improper, but we also rule that the measure taken to cope with the improper question was adequate, and we rule that it was not an abuse of discretion for the trial judge to deny appellant's motions for a mistrial and for a new trial. *Cline v. Prowler Industries of*

*Maryland, Inc.*, Del.Supr., 418 A.2d 968, 982 (1980).

The trial court, having declined to grant a mistrial, did give a curative instruction to the jury. The jury was instructed that evidence concerning the fact that the defendant was charged with a violation and evidence concerning his guilt or non-guilt was irrelevant. The jury was instructed that it should not permit the evidence in any way to influence its verdict.

We are of the opinion that the trial judge was correct when he ruled, in effect, that any prejudice caused by the improper question was cured by the instruction, and we find no error in the instruction.

In this case the burden of proof was upon the plaintiff to establish that defendant's negligence was the proximate cause of the accident. There is no reason to believe that the jury disregarded the court's curative instruction and decided the case on a vague inference which the jury had been told to disregard as improperly admitted in evidence and irrelevant.

AFFIRMED.